# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 83
### DI SANTO v. STATE
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4867. Decided Jan. 14, 1924

511. FALSE PRETENSES—Conviction of obtaining property under false pretenses is not sustained when proof shows payment of bill for which accused was charged with not paying.

PER CURIAM:
Epitomized Opinion
First Publication of this Opinion

The plaintiff was convicted in the Court of Common Pleas of Cuyahoga county of the crime of obtaining property under false pretenses. A motion for a new trial was made and overruled by the trial court and the case was taken to the Court of Appeals on error, the contention being that the conviction was contrary to law and the weight of evidence.

The Court of Appeals held that the judgment must be reversed as the evidence in the case below does not show that Di Santo received anything from anybody by reason of the false pretenses, if there were any such pretenses. The record shows that the money alleged to have been received by false pretenses had been deducted for the purpose of paying the very bill for which he was indicted and convicted for not paying, which, the record shows, has since been paid.

We do not think the evidence in the case warranted a conviction and the judgment of the court below will be reversed and plaintiff in error discharged.

Attorneys—M. A. Picciano, Cleveland, for Di Santo; E. C. Stanton, Pros., Cleveland, for State.

No. 84
### TOLEDO & IND. R. CO. v. BROWN,
Secretary of State
Ohio Appeals, 4th Dist., Franklin County
No. 1098. Decided Nov. 16, 1923

313. CORPORATIONS — Corporate charter may be canceled for failure to file return.

1159. TAXES—The lesser of two penalties assessed by the state against a corporation for failure to pay certain taxes though penalty was not prejudicial.

ALREAD, J.

This was an action for injunction brought by the Toledo & Indiana R. R. Co. against Brown, Secretary of State of Ohio. The plaintiff asked for a permanent injunction restraining the Secretary of State from cancelling its articles of incorporation because of its failure to pay its annual gross profit tax on or before December 15, 1922. The power court sustained a demurrer to the petition. The petition alleged the assessment of a penalty, that the tax was not assessed or determined prior to Dec. 15, 1922, and that no bill was sent to the corporation by the treasurer, that a tender of the amount due less the penalty was made and refused, and that no bill was ever sent to the plaintiff showing the amount due prior to Dec. 15, 1922. In sustaining the judgment of the Common Pleas Court, the Court of Appeals held:

1. Under GC. 5470 the duty is placed upon the taxpayer to make out and file with the commission a statement on a form provided by the commission, and as there was no allegation in the petition that the commission had not prescribed the form upon which said return should be made, nor that the plaintiff had filed or offered to file a statement as required by law on or before Sept. 1, 1922, or at any time prior to Jan. 23, 1923, it must be assumed that the plaintiff was in default for the filing of such a statement and therefore the petition failed to state a cause of action.

2. Under GC. 5507 the penalty would be larger than the penalty actually assessed, and the state having elected to choose the smaller penalty, the defendant corporation was not prejudiced thereby.

Attorneys—Ralph H. Harburger, and Trace, Chapman & Welles, for Railroad Co.; C. C. Crabbe and William J. Meyer, for Brown.

No. 85
### HATCH et al v. BERTHOLD
Ohio Appeals, 9th Dist., Summit County
No. 751. Decided Nov. 12, 1923

480. EVIDENCE—Oral evidence admissible to show what was reasonable length of time in contract for building house.

475. ESTOPPEL—Although purchaser assumed possession, held not estopped to give back property.

465. Where party is not made a party in journal entry, he cannot prosecute error.

PARDEE, J.
Epitomized Opinion
First Publication of this Opinion

This was an action by Martin and Adeline Berthold to recover $950 which constituted a down payment on a house purchased in Akron. This action was brought against Hatch, Sherrard, McDonald and the Real Estate Company which acted as agent in the sale of the property. A judgment was rendered for the plain-